**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MONA SARRAI, M.D.,

    Plaintiff,

vs.                                                                                                CV

SYLVIA M BURWELL, as
SECRETARY OF THE DEPARTMENT
OF HEALTH AND HUMAN SERVICES

    Defendant.                                                          **JURY DEMANDED**


**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

    Plaintiff, by and through her attorney, the Gilpin Law Firm, LLC, (Donald G. Gilpin),

allege and state:

JURISDICTION AND VENUE

1.    This action is brought by Plaintiff to remedy violations of Title VII. Plaintiff seeks damages and other appropriate equitable relief.

2.    Plaintiff is a resident of Bernalillo County, New Mexico.

3.    Upon information and belief, Sylvia M. Burwell as Secretary of the Department of Health and Human Services is a public agency with the capacity to be sued.

4.    Defendant is an employer within the meaning of the Title VII.

5.    Venue is proper because all the unlawful practices complained of herein occurred within the District of New Mexico.

**ALLEGATIONS**

7.    In December of 2014, Plaintiff was working for Defendant as a Contract Physician for ACL Indian Health Service Hospital.

8.    Plaintiff is female, White and from Tunisia Africa.

9.  On December 11, 2014, Plaintiff was notified that she was the only qualified applicant for the position of Medical Officer.

10. Plaintiff was selected for the position of Medical Officer.

11. In January of 2015, the Hospital appointed a male Native American as CEO.

12. In February of 2015, the CEO appointed a female Native American as the new Clinical Director.

13. The CEO and Clinical Director decided to rescind Plaintiff's selection for the position of Medical Officer.

14. Plaintiff was told that the position was rescinded because she had complaints from patients.

15. Plaintiff is not aware of any complaints other than patients who were seeking narcotic pain medication without medical necessity.   Plaintiff refused to prescribe narcotic pain medication to patients unless medically necessary.

16. Plaintiff had been previously subjected to a hostile work environment by the Clinical Director who had previously held another position at the Hospital.

17. The hostile work environment consisted of Plaintiff's medical decisions being questioned and scrutinized and being falsely accused of making inappropriate comments to patients.

18. However, despite the stated reasons for rescinding the offer of employment for the Medical Officer position, Defendant kept Plaintiff on as a Contract Physician until July of 2015.  In fact, Plaintiff was asked several times to work extra shifts for the hospital to prevent the hospital from closing.

19. As a result of the actions of Defendant, Plaintiff has suffered damages in the form of lost wages and benefits.

20. As a result of Defendant's actions, Plaintiff has suffered emotional distress.

21. As a result of Defendant's actions, Plaintiff has suffered costs, including attorney's

fees.

## COUNT I. RACE DISCRIMINATION

22.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 of this complaint with the same force and effect as if set forth herein.

23.    Plaintiff has been discriminated against in violation of Title VII on the basis of race.

24.    Defendant discriminated against Plaintiff by subjecting her to a hostile work environment and rescinding her selection to the position of Medical Officer.

25.    Plaintiff has suffered harm in the form of lost wages, benefits, emotional distress and costs, including attorney's fees.

## COUNT II. SEX DISCRIMINATION

26.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25 of this complaint with the same force and effect as if set forth herein.

27.    Plaintiff has been discriminated against in violation of Title VII on the basis of sex.

28.    Defendant discriminated against Plaintiff by subjecting her to a hostile work environment and rescinding her selection to the position of Medical Officer.

29.    Plaintiff has suffered harm in the form of lost wages, benefits, emotional distress and costs, including attorney's fees.

## COUNT III. NATIONAL ORIGIN DISCRIMINATION

30.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 29 of this complaint with the same force and effect as if set forth herein.

31.    Plaintiff has been discriminated against in violation of Title VII on the basis of Nation Origin.

32.    Defendant discriminated against Plaintiff by subjecting her to a hostile work

environment and rescinding her selection to the position of Medical Officer.

33.     Plaintiff has suffered harm in the form of lost wages, benefits, emotional distress and costs, including attorney's fees.

## JURY DEMAND

34.     Plaintiff requests a trial by Jury.


**WHEREFORE,** Plaintiff respectfully requests that this Court enter a judgment:

(A)     Awarding Plaintiff compensatory damages that would make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including, but not limited to, wages, pension, and other benefits;

(B)     Awarding Plaintiff attorney's fees incurred as provided by law;

(C)     Awarding Plaintiff the costs for this action as provided by law.

(D)     Awarding Plaintiff compensatory damages for her mental anguish and humiliation; and

(E)     Granting such other and further relief as this Court deems necessary and proper.


Respectfully submitted,

**GILPIN LAW FIRM, LLC.,**


*/s/ Donald G. Gilpin*
Donald G. Gilpin
Christopher Machin
6100 Indian School Road, NE
Suite 115
Albuquerque, New Mexico  87110
(505) 244-3861 Telephone
(505) 254-0044 Fax
*Attorneys for Plaintiff*